815 F.2d 81
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Damus Byron VANOVER, Defendant-Appellant.
 No. 85-1491.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before: KENNEDY, Circuit Judge, CELEBREZZE, Senior Circuit Judge; and SPIEGEL,* District Judge.
 PER CURIAM.
 
 
 1
 Defendant was convicted of two counts of wire fraud and one count of mail fraud. He appeals claiming that he was entitled to judgments of acquittal because there was insufficient evidence that he devised a scheme to defraud or transmitted or caused to be transmitted any fraudulent communication under the wire fraud counts, and failed to establish that anything was mailed as part of a fraudulent scheme for the mail fraud count.
 
 
 2
 The evidence disclosed a scheme to secure airline tickets through the unauthorized use of a credit card and to sell them at deep discounts to persons wishing to travel. Tickets were charged to the American Express credit card of one W.M. Reckinger. Reckinger had not ordered the tickets nor had he authorized anyone to use his credit card for their purchase. Computer wire transmissions were used in generating the tickets. With respect to the mail fraud count, tickets were mailed, as requested by the purchaser, to an Inkster, Michigan address of one Cynthia Young. Defendant arranged with Young to use her mailing address and picked tickets up there. There was evidence from which the jury could find that defendant sold those tickets at deep discounts to persons who attempted to use them; they were denied passage since the tickets had been paid for by unauthorized use of the credit card. With respect to the wire transfer counts, tickets also wrongfully charged to Reckinger's credit card were purchased from defendant by the purported passengers, again at a deep discount.
 
 
 3
 The mail and wire fraud statutes do not require that defendant himself use the wire or the mail; it is sufficient to show that he "caused" mailings or wire to be used and that their use was reasonably foreseeable. United States v. Calvert, 523 F.2d 895 (8th Cir.), cert. denied, 424 U.S. 911 (1975). Such use was clearly foreseeable here. Reservations are regularly transmitted by wire from one airline office to another. Moreover, in using a credit card it is foreseeable that interstate communications will be used to obtain information as to the validity of the card number and the credit balance remaining.
 
 
 4
 With respect to the mail fraud count, the scheme itself required the use of the mail in sending the ticket to Ms. Young's address. Defendant himself arranged for the use of that address.
 
 
 5
 The District Court properly denied the motions for judgments of acquittal. Accordingly the judgments of the District Court are AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation